UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-vs-

SEAN BROWN, # 16607-055,

Defendant.

DECISION AND ORDER

08-CR-6218-CJS-1
12-CV-6317-CJS

## INTRODUCTION

**Siragusa, J.** This matter is before the Court on the defendant's applications, filed on June 25, 2015, ECF No. 158 and ECF No. 159, seeking a certificate of appealability pursuant to 28 U.S.C. § 2253 and recusal of the undersigned pursuant to 28 U.S.C. § 444(b)(1). For the reasons stated below, both applications are denied.

## BACKGROUND

The defendant, Sean Brown ("Brown"), was indicted on October 15, 2008, for violating 21 U.S.C. § 846, conspiracy to manufacture, possess and distribute 50 grams or more of cocaine base, and 21 U.S.C. § 841(a)(1), manufacture and possess with intent to distribute 50 grams or more of cocaine base. The indictment also sought forfeiture of United States Currency. Almost a year later, on October 9, 2009, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Brown entered into a plea agreement with the government and agreed to plead guilty to a violation of 21 U.S.C. § 841(a)(1) with a sentence of imprisonment of 240 months in satisfaction of the indictment. The plea agreement contained a wavier that was effective if the Court sentenced Brown to the agreed-upon 240 months, or less. Further, the plea agreement permitted Brown to re-

serve his right to challenge this Court's determination on his prior motion to suppress tangible evidence seized pursuant to execution of a search warrant.

During the plea colloquy, the Court extensively reviewed the waiver provisions of the plea agreement with Brown. Plea Transcript 20–22, Oct. 9, 2009, ECF No. 153-1. The Court also reviewed with Brown on the record the material terms of the plea agreement, confirmed that Brown was informed of the charges and agreed to the facts supporting the charges, fully understood the material terms of the agreement and understood the consequences of pleading guilty, and ascertained that Brown had not been coerced in any way to plead guilty. Plea Transcript 12–24, 28–31.

On January 15, 2010, the Court sentenced Brown to the agreed-upon 240 months of incarceration. Sentencing Transcript 4, 10 & 15, Jan. 15, 2010, ECF No. 153. On April 5, 2011, the United States Court of Appeals for the Second Circuit issued a mandate affirming the judgment of conviction, and rejecting his challenge to this Court's denial of his suppression motion. Summary Order, Jul. 1, 2011, ECF No. 141.

On June 11, 2012, Brown filed his first motion to vacate, and on June 18, 2012, filed an amended motion to vacate, ECF No. 150. Brown's argument for vacatur was that his trial defense counsel was ineffective for failing to raise an issue under Federal Rule of Criminal Procedure 11 challenging the process by which his plea was procured. Brown argued that the Court impermissibly involved itself in the plea bargaining process contrary to Rule 11. On January 21, 2015, the Court denied Brown's § 2255 application after determining that it did not impermissibly inject itself into plea negotiations. Now Brown seeks a certificate of appealability from the Court's ruling on his § 2255 motion, and argues that the Court should recuse itself from consideration of that application, be-

cause the Court has personal knowledge of the disputed evidentiary facts concerning the proceedings and might be called as a witness.

## STANDARDS OF LAW

***Recusal***

Title 28 U.S.C. § 455 provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

28 U.S.C. § 455(a) & (b)(1) (2015).

As a general matter, recusal motions are committed to the discretion of the judge who is being asked to disqualify himself and who is enjoined to "weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case. Litigants are entitled to an unbiased judge, not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc*., 861 F.2d 1307, 1312 (2d Cir.1988) (citation omitted), *cert. denied sub nom. Milken v. S.E.C*., 490 U.S. 1102, 109 S. Ct. 2458, 104 L. Ed. 2d 1012 (1989). Moreover, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id*. at 1312 (citation omitted). Recusal motions should not be used as strategic devices to judge shop or delay the proceedings. *Lamborn v. Dittmer*, 726 F.Supp. 510, 515 (S.D.N.Y. 1989).

It is well settled that all subsections of § 455 are construed to require a timely application, which our Circuit reads as a "threshold" issue—*i.e.*, one to be evaluated be-

fore matters of substance are reached. *Apple v. Jewish Hospital and Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987). In *United States v. Brinkworth*, 68 F.3d 633, 639–40 (2d Cir. 1995), the Second Circuit, relying on *Apple*, 829 F.2d at 333, stated that, in general, one seeking disqualification must do so "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim" of disqualification. *Accord*, *Gil Enters., Inc. v. Delvy*, 79 F.3d 241, 247 (2d Cir.1996). Thus, "[u]ntimeliness . . . is . . . a failure to seek recusal when it should first have been sought, that is, as soon as the facts on which it is premised are known to the parties." *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000), *cert. denied*, 529 U.S. 1061, 120 S. Ct. 1571, 146 L. Ed. 2d 474 (2000). Moreover, "untimeliness in making a motion for recusal can sometimes constitute the basis for finding an implied waiver." *Id*. The Second Circuit has written that, in the context of ongoing litigation, this timeliness requirement serves two functions:

> First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fallback position in the event of adverse rulings on pending matters.

*In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995). In deciding whether a recusal motion is timely, courts must "apply a four-factor test which asks whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for delay." *Apple*, 829 F.2d at 334 (citations omitted).

If the Court determines that the recusal motion is timely, it must then address the merits of the application. As to § 455(a), the relevant inquiry is: "Would a reasonable

person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *Bayless*, 201 F.3d at 127; *accord*, *Diamondstone v. Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998). The standard is "designed to promote public confidence in the impartiality of the judicial process." *In re Drexel Burnham Lambert Inc*., 861 F.2d at 1313 (quoting H.R. Rep. No. 93-1453, at 5 (1974), reprinted in 1974 U.S.C.C.A.N. 6351, 6354-55). "Nevertheless, the existence of the appearance of impropriety is to be determined not by considering what a straw poll of the only partly informed man-in-the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *Bayless*, 201 F.3d at 126-27 (citation and internal quotations omitted).

Furthermore, although the "extrajudicial source" doctrine applies to recusal motions under 28 U.S.C. § 455(a), "[t]he fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for 'bias or prejudice' recusal . . . . Nor is it a *sufficient* condition for [such] recusal . . . ." *Liteky v. United States*, 510 U.S. 540, 554, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). In other words, the "presence of an extrajudicial source [does not] necessarily establish bias, nor [does] the absence of an extrajudicial source necessarily preclude [] bias." *Id*. In any event, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. Instead, the judge's rulings should constitute grounds for appeal, not for recusal. *Id*. Further, opinions formed by the judge that are based on the evidence in the case or

events occurring during the proceedings do not constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*.

***Certificate of Appealability***

Title 28 U.S.C. § 2253 reads in pertinent part as follows:

> (a) In a . . . proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . .
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from— . . .
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (2015).

**ANALYSIS**

***Recusal***

Brown contends in a letter attached to his filed motions that he filed his applications on January 27, 2015, from "Federal Prison Elkton." However, the applications were only docketed on June 25, 2015. The three envelopes in which the applications arrived were all postmarked on June 23, 2015. Plaintiff filed his original § 2255 application, which first raised the allegation of the Court's involvement in the plea bargaining process, on June 11, 2012, which was more than two and a half years after Brown ob-

tained knowledge of facts demonstrating the basis for his original claim of disqualification. Thus, Brown's recusal application is untimely and is denied.

Nevertheless, even if Brown had moved to recuse in 2012, or earlier, the Court would have denied the motion. A district judge is not required to recuse himself from consideration of an issue in which he has personal knowledge because of his involvement in the case. For example, the Fifth Circuit, in *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) (*en banc*), reviewed a case where the defendant alleged the following misconduct on the part of the trial judge, prosecutor, and defense attorney:

> Bryan's motion papers assert that, pursuant to the terms of his plea bargain, he and his lawyer both deliberately deceived the district court in their representations at the time of Bryan's change of plea on the escape charge. Bryan's supporting affidavit declares that Counsel Thomas represented to him that a plea bargain had been concluded between Thomas, other defense attorneys, the United States Attorney and District Judge, which provided for Bryan to receive a concurrent sentence on the escape charge to any sentence which might be imposed if the jury found him guilty after the pending bank robbery trial. A further alleged condition of the bargain was for the conduct of an official charade in which the parties and the court would falsely develop a record of proceedings by ritualistically reciting that no agreement had produced the plea of guilty and that no promises or bargains of any kind underlaid it. Bryan also alleged that at the time of sentencing he immediately protested the failure of the bargain to his attorney and that his attorney then brought the agreement to the attention of the judge, who required his attorney's comment to be placed of record. He concludes with the assertions that "the judge then said something but I don't remember what he said," and that the portion of the record reflecting this exchange has been wrongfully deleted.

*Bryan*, 492 F.2d at 777.

> Unlike the allegations made in the petitions filed by [codefendants] Fontaine or Machibroda, Bryan's assertions sought to place the district judge improperly but squarely in the midst of the plea bargaining process both in the anteroom and in the courtroom. All of the material issues raised by Bryan are ones the judge, who was required by Section 2255 to hear the motion, could readily resolve by drawing on his own personal knowledge and recollection. It is sure that if he had done such an extraordinary thing as to participate in making a plea bargain with a defendant who was to appear before him, especially a bargain the judge had a part in suppress-

> ing and did not keep, the matter would be indelibly impressed on his memory.[FN3]
>
> FN3. Bryan's allegations as to an altered record of the proceedings at sentencing are also pertinent here. It passes being credible that a judge would not know that a part of a record of proceedings before him in which he had required a lawyer to publicly state facts establishing judicial wrongdoing had been wrongfully deleted.

*Bryan*, 492 F.2d at 779–80.

***Certificate of Appealability***

The Court has already determined that it did not improperly participate in plea negotiations. The Court encouraged the parties to engage in negotiations, but was not a part of those negotiations. *C.f. United States v. Davila*, __ U.S. __, 133 S. Ct. 2139, 2144 (2013) (magistrate judge told defendant at an *in camera* hearing without the prosecutor, "it might be a good idea for the Defendant to accept responsibility for his criminal conduct[,] to plead guilty[,] and go to sentencing with the best arguments ... still available [without] wasting the Court's time, [and] causing the Government to have to spend a bunch of money empanelling a jury to try an open and shut case."). Further, even if the Court had improperly participated in the plea bargaining process, "[n]othing in Rule 11's text, however, indicates that the ban on judicial involvement in plea discussions, if dishonored, demands automatic vacatur of the plea without regard to case-specific circumstances." *Davila*, 133 S. Ct. at 2148. Brown failed to argue case specific circumstances that justified vacatur, other than his contention that the Court violated Rule 11.

In his memorandum of law in support of his second motion for vacatur, Brown argued that the Court's discussion of the plea agreement presented to the Court by defense counsel, had an effect on the *prosecutor*:

> Finally, caving into judicial prodding, the once adamant prosecutor capitulated and responded affirmatively to the Court regarding the brokered

> agreement, "We are" willing to reach an agreement. *Id*. at 9. ("I don't have any problem drafting a plea in that fashion and seeking approval for it.") *Id*.

Mem. of Law in Support of Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 at 5, Jun. 18, 2012, ECF No. 150-1. As conceded by Brown, the prosecutor, who had been adamant about not bargaining with Brown's counsel, relented and did consent to engage in plea negotiations with trial defense counsel. Nowhere in Brown's argument did he indicate how the particular circumstances of the plea bargaining process result in constitutional error to his case. Therefore, the Court denies a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court denies the defendant's application, ECF No. 158, for recusal, and denies his application, ECF No. 159, for the issuance of a certificate of appealability.

DATED: July 14, 2015
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge